UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SAMUEL GORDON, | ) |
| Plaintiff, | ) |
| v. | ) 1:25-cv-01094-MMM |
| ERIK R. GIBSON, *et al.* | ) |
| Defendants. | ) |

ORDER

Plaintiff, proceeding *pro se* from Vandalia Correctional Center, pursues an action under 42 U.S.C. § 1983 alleging wrongful conviction.

**Merit Review**

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff sues Woodford County State's attorney Erik Gibson, Eureka Police

Officer Mattern, and the "Woodford County Sheriff Police Department."

Plaintiff alleges that on March 9, 2024, he was falsely charged with Driving Under the Influence in Illinois State Circuit Court. He alleges that he was arrested without probable cause to believe that he had committed a crime. He alleges that he was wrongfully found guilty of DUI.

Plaintiff's claims implicate *Heck v. Humphrey*, 512 U.S. 477 (1994), a case that bars civil suits alleging or implying that a standing conviction is invalid. Plaintiff alleges he is not guilty of the crime that he was charged with, arrested on, and convicted of. He sues various individuals and entities he believes are responsible and seeks money damages. Claims barred by *Heck* "are dismissed without prejudice." *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *see also Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019); *Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017). If, in the future, Plaintiff succeeds in overturning the finding of guilt through direct appeal or collateral attack, and either 1) the charges are dropped, or 2) he is found not guilty if re-tried, then he may seek to pursue his civil rights claims.

**Motion to Request Counsel**

Plaintiff's Motion to Request Counsel (Doc. 4) is unsigned and therefore the Clerk is directed to strike that document. Plaintiff may renew his request by filing a complete, signed, motion, if he still intends to pursue this lawsuit now, based on the analysis above.

The Court notes that before it will search for an attorney for Plaintiff, Plaintiff must make a reasonable attempt to find one on his own. Plaintiff's statement that "no

one in Peoria, IL, does civil cases like this I have tried all over I can't afford one" is insufficient. Plaintiff must provide specific documentation as to who he contacted, and when, and should provide copies of the letters sent, so the Court can determine if Plaintiff clearly requested assistance regarding the specific facts of this case.

IT IS THEREFORE ORDERED:

1. Plaintiff's Petition to Proceed in Forma Pauperis [3] is GRANTED. Clerk to assess initial partial filing free and collect same from Plaintiff's institution.

2. Pursuant to its merit review under 28 U.S.C. § 1915A, the Court dismisses the Complaint [1] for failure to state a claim upon which relief can be granted.

3. The Clerk is directed to STRIKE Plaintiff's Motion to Request Counsel [4] because it is unsigned.

4. Plaintiff is granted 21 days to file a motion for leave to amend attaching a proposed amended complaint, <u>if he chooses to further pursue this lawsuit at this time</u> and believes he can do so in good faith based on the analysis above. If Plaintiff does not file a timely amended complaint this action will be dismissed without prejudice for failure to state a claim, pursuant to *Heck*.

Entered this 21st day of March, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
